```
4
```
Marina Fineman, Esq. (SBN 193065)
**FORTRA LAW**
20 Pacifica Suite 300
Irvine, CA 92618
Tele.: (949) 379-2600
Fax: (949) 379-2610
E-mail: m.fineman@fortralaw.com

Attorneys for Secured Creditor, David Beck,
Trustee of the Survivor's Trust, As Set Forth in the
Beck Revocable Living Trust Dated January 7, 1992

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 25-26779 |
| JESSICA MARIE CARTER, | DC No. MF-2 |
| Debtor. | Chapter 7 |
| | **MOTION TO COMPEL ABANDONMENT OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 554(b) FILED BY SECURED CREDITOR DAVID W. BECK, TRUSTEE OF THE SURVIVOR'S TRUST AS SET FORTH IN THE BECK REVOCABLE LIVING TRUST DATED JANUARY 7, 1992** |
| | Date: January 26, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 35<br>501 I Street, 6th Floor,<br>Sacramento, CA |
| | Judge: Hon. Christopher M. Klein |

**TO THE HONORABLE CHRISTOPHER M. KLEIN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, CHAPTER 7 TRUSTEE, U.S. TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL OF RECORD:**

1

David Beck, Trustee of the Survivor's Trust As Set Forth In the Beck Revocable Living Trust Dated January 7, 1992 (the "**Beck Trust**"), secured creditor in the above-captioned chapter 7 case of debtor Jessica Marie Carter (the "**Debtor**"), hereby submits this *Motion To Compel Abandonment of Real Property Pursuant To 11 U.S.C. § 554(b) Filed By Secured Creditor, David Beck, Trustee of the Beck Revocable Living Trust* (this "**Motion**") pursuant to 11 U.S.C. § 554(b), seeking a Court order compelling the chapter 7 trustee, Loris L. Bakken (the "**Trustee**"), to abandon the Debtor's 30-acre equestrian complex located at 2829 W. Armstrong Road, Lodi, California 95242 (the "**Property**").

The Motion is filed in accordance with Federal Rule of Bankruptcy Procedure 6007(b) and based on the Property being of inconsequential value and benefit to the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 554(b). This Motion is supported by the Memorandum of Points and Authorities filed in support of this Motion, the Declaration of David W. Beck (the "**Beck Declaration**") with exhibits thereto, all filed concurrently herewith, and upon any additional evidence and oral argument as may be presented to the Court.

On November 19, 2024, the Debtor obtained a loan from the Beck Trust in the principal amount of $2,250,000 evidenced by an *Installment Note-Interest Included* (the "**Note**"). *See* **Exhibit 1** of the concurrently filed *Exhibits For Declaration of David W. Beck In Support of Motion to Compel Abandonment of Real Property Pursuant to 11 U.S.C. §554(b)* ("**Exhibits**"), and Paragraph 5 of the concurrently filed *Declaration of David W. Beck In Support of Motion to Compel Abandonment of Real Property Pursuant to 11 U.S.C. §554(b)* (the "**Beck Declaration**").

The Note is secured by a *Deed of Trust and Assignment of Rents* encumbering the Property.[1]

On December 2, 2025, the Debtor filed her petition [ECF No. 1] in this Court under chapter 7 of Title 11 of the United States Code.

On December 2, 2025, along with her Petition, the Debtor filed her *Schedules of Assets and Liabilities*, Schedule A/B [ECF No. 1], stating that the fair market value of the Property is

---

[1] *See* Exhibits, Ex. 2; Beck Declaration, ¶ 6.

$2,500,000.[2]

In the Debtor's Schedule C, the Debtor claims an exemption in the Property in the amount of $10,473.72. [ECF-1].

As of the date of this Motion, the Trustee has neither abandoned nor otherwise administered the Property. (*See* Court Docket)

As of December 3, 2025, the Beck Trust was owed approximately $2,326,069.91, including accrued interest and charges.[3] The Debtor owes at least $30,581.22 in delinquent property taxes to the San Joaquin County Tax Collector.[4] In addition, the Debtor's property insurance is expiring as of December 30, 2025, so the Beck Trust will need to pay additional monies to cover force-placed property insurance of approximately $7,000 per month. The costs of sale of the Property, if sold for $2,500,000, will be approximately $150,000 (i.e., 6% of the sale price). With the cost of forced-placed insurance added, these liens and sale costs total in excess of $2,500,000. This leaves $0 in equity for the estate—even before the Debtor's asserted exemption of $10,473.72 is considered.

The Trustee has indicated to the Beck Trust she does not intend to object to this Motion.[5] Based on this information, the Beck Trust believes the Property is of inconsequential value and benefit to the Debtor's bankruptcy estate and therefore should be abandoned to the Debtor pursuant to 11 U.S.C. § 554(b).

///

---

[2] *See* Debtor's Schedules A/B, Part 1.1. [ECF No. 1].
[3] *See* Exhibits, Ex. 3; Beck Declaration, ¶ 7. The amounts referenced herein are approximations for purposes of the Motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the Motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting the Beck Trust's undersigned counsel.
[4] *See* Exhibits, Ex. 4; Beck Declaration, ¶ 9.
[5] *See* Beck Declaration, ¶ 10.

Fortra Law
20 Pacifica Suite 300
Irvine, California 92618
T: (949) 379-2600; F: (949) 379-2610

For these and other reasons set forth in the Memorandum of Points and Authorities, the Beck Trust respectfully prays for an order of this Court:

1. Compelling the Trustee to abandon the Property; and
2. Granting the Beck Trust such other relief as the court deems just and proper.

Date: December 29, 2025　　　　　　　　**FORTRA LAW**

　　　　　　　　　　　　　　By:　*/s/ Marina Fineman*
　　　　　　　　　　　　　　　　Marina Fineman
　　　　　　　　　　　　　　　　David Beck, Trustee of the Survivor's Trust
　　　　　　　　　　　　　　　　As Set Forth in the Beck Revocable Living Trust
　　　　　　　　　　　　　　　　Dated January 7, 1992